UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
EVELINA D'NELSON,

        Plaintiff,

- against -

COSTCO WHOLESALE CORP., d/b/a
COSTCO,

        Defendant.
------------------------------------------------------X

**MEMORANDUM
AND    ORDER**

03 CV 219 (CLP)

On December 23, 2002, plaintiff Evelina D'Nelson commenced this action against Costco Wholesale Corporation, d/b/a Costco ("Costco"), seeking damages for personal injuries she allegedly suffered during a trip and fall accident which occurred on June 18, 2002 at the Costco, located in Brooklyn, New York. On April 28, 2004, the parties consented to have the case reassigned to the undersigned for all purposes including entry of judgment. By Notice of Motion dated May 25, 2004, Costco moves for an order granting summary judgment in its favor pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, on the grounds that plaintiff has failed to establish a prima facie case of negligence against defendant.

## FACTUAL BACKGROUND

On June 18, 2002, at approximately 5:00 p.m., plaintiff arrived at the Costco warehouse in Brooklyn, accompanied by her son-in-law Michael V. McKain and his aunt, Ursula James. (Ex. D to the Affirmation of Peter D. Lechleitner ("Lechleitner Aff.") dated May 25, 2004, at 9, 13). Plaintiff and her companions proceeded to the second floor of the warehouse to shop. (Id. at 15). After completing their shopping, all three proceeded to take the store escalator down to



the first floor. (Id. at 16). After riding down the escalator to the first floor, plaintiff alleges that she stepped off the escalator onto a metal plate that was approximately three steps long and which met up with the floor of the warehouse at its end. (Id. at 27–28). Plaintiff asserts that at the time of the accident, a portion of the metal plate was raised up from the ground at the point where it met the floor of the warehouse. (Id. at 26, 31).

Plaintiff testified that she caught her right foot under this rise in the metal, causing her to fall to the floor. (Id. at 33–34). Plaintiff's son-in-law took photographs of the metal plate later that day (id., Ex. G at 49; Ex. I), but plaintiff could not testify as to whether the photographs accurately depicted the plate as of the time of the accident because, as she testified, she was on her face on the floor and in pain. (Id., Ex. D at 54).

Plaintiff's son-in-law testified that the photographs accurately depict the condition of the metal plate at the time of the accident. (Id., Ex. G at 49–50). According to his testimony, the metal plate was lower than the warehouse floor by one-half to three-quarters of an inch.[1] (Id. at 19, 20).

William Peter Cote, a Costco employee, testified that he offered his assistance to plaintiff after the accident. (Id., Ex. E at 21). He estimated that the metal plate was approximately one-half inch lower than the warehouse floor. (Id. at 26). He also testified that he was unaware of any other complaints regarding this condition prior to the plaintiff's accident. (Id. at 26–27).

Evon Hart, another Costco employee, testified that she was the employee stationed at the

---

[1] The Court notes that there is a dispute of fact as to the difference in height between the metal plate and the warehouse floor. Although plaintiff's son-in-law and Costco employee, William Peter Cote, estimate the difference to be between one-half to three-quarters of an inch, plaintiff testified during her deposition that the estimated difference was approximately three inches. (Id., Ex. D. at 31).

2

escalator at the time of the accident. (Id., Ex. F at 20). Although she had her back turned and did not actually see the plaintiff fall, she heard plaintiff make a noise when she fell, and she then went to help plaintiff. (Id. at 21). She also confirmed that the photographs taken by Mr. McKain accurately depicted the condition at the time and that she too was unaware of any prior complaint about this location. (Id. at 32, 33).

Defendant moves for summary judgment on the grounds that the alleged defective condition is "trivial in nature" (Def.'s Mem. at 4),[2] and since there are no issues of fact to be tried, summary judgment should be entered in favor of Costco.

## DISCUSSION

A. Summary Judgment

It is well-settled that a party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). Since summary judgment is an extreme remedy, cutting off the rights of the non-moving party to present a case to the jury, see Egelston v. State Univ. Coll. at Geneseo, 535 F.2d 752, 754 (2d Cir. 1976); Gibralter v. City of N.Y., 612 F. Supp. 125, 133–34 (E.D.N.Y. 1985) (stating that summary judgment "is a drastic remedy and should be applied sparingly"), the court should not grant summary judgment unless "it appears beyond doubt that the plaintiff can prove no set of facts in

---

[2]Citations to "Def.'s Mem. at " refer to Defendant's Memorandum of Law, dated May 25, 2004.

3

support of his claim which would entitle him to relief." Egelston v. State Univ. Coll. at Geneseo, 535 F.2d at 754; see also Auletta v. Tully, 576 F. Supp. 191, 194 (N.D.N.Y. 1983), aff'd, 732 F.2d 142 (2d Cir. 1984) (stating that summary judgment should be granted only if "it is clear that the requirements of Fed. R. Civ. P. 56 have been satisfied" and that "no genuine issue remains for trial"). In addition, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also Richardson v. N.Y. State Dep't of Corr. Serv., 180 F.3d 426, 436 (2d Cir. 1999) (stating that "[w]hen considering a motion for summary judgment the court must draw all factual inferences and resolve all ambiguities in favor of the nonmoving party").

Once the moving party discharge its burden of proof under Rule 56(c) of the Federal Rules of Civil Procedure, the party opposing summary judgment "has the burden of coming forward with 'specific facts showing that there is a genuine issue for trial.'" Phillips v. Kidder, Peabody & Co., 782 F. Supp. 854, 858 (S.D.N.Y. 1991) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247–48 (emphasis added). Rather, enough evidence must favor the non-moving party's case that a jury could return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

In reversing a grant of summary judgment, the Second Circuit noted that the "'trial

4

court's task at the summary judgment motion stage of litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.'" Quaratino v. Tiffany & Co., 71 F.3d 58, 65 (2d Cir. 1995) (quoting Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994)). Thus, the Court turns next to determining whether there are any genuine issues of material fact to be tried.

B. Compliance with Local Rule 56.1

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York requires a party moving for summary judgment to submit "a separate, short and concise statement" of the allegedly undisputed material facts on which the moving party relies in arguing that there is no genuine issue to be tried. See Local Rule 56.1(a); see also Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 72 (2d Cir. 2001). The Rule further requires that the statement of undisputed facts must contain citations to admissible evidence supporting each asserted material fact. Local Rule 56.1(d); see Giannullo v. City of N.Y., 322 F.3d at 143 (finding that there was insufficient evidence in the record to support certain critical assertions in the moving party's statement of material facts, and thus reversing the district court's grant of summary judgment); Watt v. New York Botanical Garden, No. 98 CV 1095, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000) (holding "[w]here there are no[ ] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion"). "[W]here the movant 'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, '"even if no opposing evidentiary

matter is presented,'" for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of N.Y., 322 F.3d at 140–41 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970) (quoting Fed. R. Civ. P. 56(e) Advisory Committee note (1963))).

The Local Rule also imposes a burden on the party opposing a motion for summary judgment to submit a counter-statement controverting the moving party's statement of material facts, indicating which facts are in dispute that would require a trial. Local Rule 56.1(b). Under the Local Rule, "[i]f the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." Giannullo v. City of N.Y., 322 F.3d at 140 (citing Local Rule 56.1(c)). Where the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts. See, e.g., Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000) (affirming grant of summary judgment based on plaintiff's failure to submit a statement pursuant to Rule 56.1, controverting defendants' assertions of fact); Gubitosi v. Kapica, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (accepting the material facts contained in the moving party's statement of material facts as true because the non-moving party failed to file a responsive statement); Dunkin' Donuts Inc. v. Barr Donut, 242 F. Supp. 2d 296, 298–99 (S.D.N.Y. 2003) (deeming the moving party's statement of material facts to be admitted based on the opposing party's failure to submit responsive statements in compliance with the Local Rule); Folkes v. New York Coll. of Osteopathic Med., 214 F. Supp. 2d 273, 281 (E.D.N.Y. 2002) (finding that "plaintiff's Rule 56.1 statement is defective in its failure to controvert the material facts set forth in the defendants'

Rule 56.1 statements or to cite to any admissible evidence whatsoever"); Sawyer v. Wight, 196 F. Supp. 2d 220, 225 (E.D.N.Y. 2002) (noting that "[t]he Second Circuit permits District Courts to grant summary judgment to moving parties on the basis of their uncontroverted 56.1 Statements"). However, "[t]he local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." Holtz v. Rockefeller & Co., Inc., 258 F.3d at 74. Thus, the party seeking summary judgment "remains obligated to demonstrate that no genuine issue of material fact exists to warrant a trial." Derienzo v. Metro. Transp. Auth., 404 F. Supp. 2d 555, 558 (S.D.N.Y. 2005).

In this case, both sides have submitted memoranda of law and affirmations of counsel setting forth the relevant facts. In addition, defendant has provided the Court with an affidavit attaching the depositions of the key witnesses. However, neither party has submitted a 56.1 Statement of Material Facts and thus, the Court would be justified in denying summary judgment based on defendant's failure to comply with the Local Rule. See Giannullo v. City of N.Y., 322 F.3d at 140–41. However, this Court notes that district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules," and may "opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement." Holtz v. Rockefeller & Co., Inc., 258 F.3d at 73 (quoting Monahan v. New York City Dep't of Corr., 214 F.3d 275, 292 (2d Cir. 2000)); see Sawyer v. Wight, 196 F. Supp. 2d at 225 (noting that "[w]hile District Courts are '"not required to consider what the parties fail to point out" in their . . . 56.1 [S]tatements,' they may discretionarily choose to search the record of their own accord") (citations omitted). See also Giannullo v. City of N.Y., 322 F.3d at 142–43

7

(finding that even though the plaintiff failed to controvert certain allegations in the defendants' 56.1 statement, the district court erred in granting summary judgment where the record did not support defendants' asserted factual statements).

> While . . . Rule 56.1 is designed to streamline the district court's consideration of summary judgment motions, this cannot mean that if a defendant asserts in his Rule 56.1 statement a material fact on which his summary judgment motion depends but supports it with a wholly unsupported record citation, a plaintiff's failure to controvert the statement absolves the district court of even checking whether the citation supports the assertion.

Giannullo v. City of N.Y., 322 F.3d at 143 n.5.

Accordingly, in the interest of advancing the case, despite the failure of both parties to submit Rule 26.1 Statements, this Court has reviewed the entire record in connection with this motion.

## C. Trivial Defect

Defendant argues that summary judgment is appropriate in this case because the alleged defect in the floor of the warehouse was "so trivial as to be non-actionable." (Def.'s Mem. at 2).

### 1. Legal Standard

Generally, the question of "whether a dangerous or defective condition exists . . . 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury." Trincere v. County of Suffolk, 90 N.Y.2d 976, 977, 688 N.E.2d 489, 665 N.Y.S.2d 615 (1997) (citations omitted). Moreover, while "a property owner may not be held liable in damages for "'trivial defects on a walkway, not constituting a trap or nuisance, as a consequence

of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection,'"'" Marinaccio v. LeChambord Rest., 246 A.D.2d 514, 515 667 N.Y.S.2d 395, 395 (2d Dep't 1998) (quoting Guerrieri v. Summa, 193 A.D.2d 647, 598 N.Y.S.2d 4 (2d Dep't 1993) (quoting Liebel v. Metro. Jockey Club, 10 A.D.2d 1006, 204 N.Y.S.2d 670 (2d Dep't 1960)), the New York Court of Appeals has held that "there is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable." Trincere v. County of Suffolk, 90 N.Y.2d 976, 977, 688 N.E.2d 489, 665 N.Y.S.2d 615 (1997). The court in Trincere made it clear that while "[n]ot every injury caused by an elevated brick or slab need be submitted to the jury . . . the court must examine, among other things, the width, depth, elevation, irregularity and appearances of the defect along with the 'time, place and circumstances' of the injury." Id. (citing Caldwell v. Vill. of Island Park, 304 N.Y. 268, 274, 107 N.E.2d 441 (1952). "[A] mechanistic disposition of a case based exclusively on the dimension of the sidewalk defect is unacceptable." Id. at 977–978.

In this case, defendant cites a number of Second Department decisions which upheld grants of summary judgment and dismissing the plaintiffs' personal injury claims without a detailed discussion of the facts. One representative case merely concluded that "[a]fter examination of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with 'the time, place and circumstance of the injury,' the [state trial court] correctly concluded that no triable issue of fact was presented." Ithier v. Long Island Jewish Med. Ctr., 257 A.D.2d 648, 648, 682 N.Y.S.2d 909 (2d Dep't 1999); see also Perrotta v. Jamal, 245 A.D.2d 357, 358, 666 N.Y.S.2d 436 (2d Dep't 1997) (affirming the trial court's grant of summary judgment dismissing the complaint, without discussion of the facts); cf. Lopez v.

9

N.Y.C. Hous. Auth., 245 A.D.2d 273, 274, 666 N.Y.S.2d 21 (2d Dep't 1997) (reversing the Supreme Court's denial of summary judgment based on finding that a 3/4 inch difference in height between two different segments of pavement could not "creat[e] a trap or snare," and concluding '[a]fter considering the exiguous dimensions of the defect at issue' . . . no issue of fact is presented").

Courts in other departments have, however, found that summary judgment is not warranted where photographs of the defect and the testimony of witnesses raises questions as to "whether the defect was so trivial and slight in nature that it could not reasonably have been foreseen that an accident would happen." Evans v. Pyramid Co. of Ithaca, 184 A.D.2d 960, 960, 584 N.Y.S.2d 944 (3d Dep't 1992). In Tesak v. Marine Midland Bank, 254 A.D.2d 717, 678 N.Y.S.2d 226 (4th Dep't 1998), the court approved the lower court's denial of summary judgment, where plaintiff demonstrated a triable issue of fact with respect to liability. Although the "alleged defect consist[ed] of a difference in elevation of less than one inch between adjacent slabs of the sidewalk," plaintiff's offers of proof demonstrated that the defect was not trivial. Id. at 718.

> Plaintiff alleged, and by competent evidence established, more than a trivial difference in elevation. She averred that she fell after her foot became caught in a crevice between the two slabs of concrete. Additionally, she submitted the affidavit of an expert who, based on his inspection of the site, confirmed the existence of a crevice and its role in causing the fall. Plaintiff's expert further stated that the defect constituted a trap for the unwary because it was located close to the entrance to the bank, where a person's attention would be drawn to the door, not to the sidewalk.

Id.; see also Herrera v. City of N.Y., 262 A.D.2d 120, 120, 691 N.Y.S.2d 504 (1st Dep't 1999) (finding based on the photographic record and plaintiff's testimony suggesting a gap of up to one

and one half inches in width and an elevation differential of three-quarters to one inch that "[t]his is a hazard whose existence should be determined and evaluated by a trier of facts").

2. Application

In this case, there are disputed issues of fact regarding the height of the difference between the floor and the metal plate, as well as the circumstances surrounding plaintiff's fall. Thus, it is appropriate to submit this case to a jury to determine whether the defect was so trivial as to not be actionable. Plaintiff's testimony was that the defect was more than an inch high, while the testimony of the Costco witnesses was that there was only a half-inch differential. Plaintiff's son-in-law testified that the differential was between one-half and three-quarter inches. (Tr. at 19, 20). In addition to the fact that the Court of Appeals has not endorsed a per se rule of triviality at one-half inch, it is possible that a jury here may find the defect to be closer to three quarters of an inch or more, or that the defect was not trivial despite the height differential.

Apart from that issue which is disputed, defendant argues that the defect was open and obvious. Plaintiff, contends, however, that the other people in front of her on the escalator obscured her view of the metal plate and the defect. (Pl.'s Mem. at 3).[3] Plaintiff further argues that the defect was "hidden due to its contrast with the surrounding area." (Id.) Moreover, because the defect ran the entire width of the metal plate at the bottom of the escalator over which plaintiff necessarily had to pass, plaintiff argues that it was a "trap, snare or nuisance." (Id. at 4). Unlike a sidewalk that is stationary and has steps of uniform height, an escalator itself

---

[3]Citations to "Pl.'s Mem. at " refer to Plaintiff's Memorandum of Law dated June 16, 2004.

11

presents certain inherent dangers, as accidents might occur when people enter or exit the moving stairs. See, e.g., Schurr v. Port Auth. of N.Y. & N.J., 307 A.D.2d 837, 763 N.Y.S.2d 304 (1st Dep't 2003); see also Glennon v. James McCreery & Co., 67 N.Y.S.2d 818 (2d Dep't 1947) (holding that a store with an escalator must exercise care commensurate with predictable dangers).

Based on the location of this defect at the bottom of the escalator, a person stepping off the moving stairs onto the metal plate might reasonably focus their attention on the edge of the metal plate closest to the escalator, where they were about to step, so as to safely exit the escalator and move out of the way of the people behind. When a person is reasonably attempting to avoid these predictable dangers, the location of the unexpected defect could constitute a "trap." See, e.g., Tesak v. Marine Midland Bank, 254 A.D.2d 717, 718, 678 N.Y.S.2d 226 (characterizing defect as "a trap for the unwary" when location would draw person's attention away from the defect). Courts have denied summary judgment where the defect had the characteristic of a trap or snare, see, e.g., Rivera v. 2300 X-tra Wholesalers, Inc., 239 A.D.2d 268, 268, 658 N.Y.S.2d 264 (1st Dep't 1997), or had existed for a long enough time before the incident that it could reasonably have been foreseen that an accident might happen. See Tracy v. St. Patrick's Church Chateaugay, 234 A.D.2d 871, 872, 65 N.Y.S.2d 680 (3d Dep't 1996).

Here, there is testimony that after plaintiff fell, a Costco employee made a statement indicating that others had fallen. (Lechleitner Aff., Ex. D at 29, 36–37). While it is not clear from the submission who that employee was and whether it was one of the employees who testified to the contrary at deposition, the photographs clearly depict a defect that has been there for some time. (Id., Ex. I).

12

In summary, given the credibility evaluations that must be made, this Court finds that the question of triviality should be determined by the trier of fact. Accordingly defendant's motion for summary judgment is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
March 22, 2006

*Cheryl Pollak*
Cheryl L. Pollak
United States Magistrate Judge