UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EVELINA D'NELSON,

                    Plaintiff,

- against -

COSTCO WHOLESALE CORPORATION,

                    Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

03 CV 219 (CLP)

On December 26, 2002, plaintiff Evelina D'Nelson commenced this personal injury action against defendant Costco Wholesale Corporation, d/b/a/ Costco ("Costco"), in New York Supreme Court, Kings County, seeking damages for injuries incurred when she tripped on a metal access plate at the base of an escalator in the Costco warehouse in Brooklyn, New York. On January 14, 2003, defendant Costco removed the action to this court. Following completion of discovery, the parties consented to trial before the undersigned, which was conducted beginning on December 4, 2006. On December 8, 2006, the jury returned a verdict in favor of defendant Costco, finding the plaintiff had failed to establish that the premises were "not reasonably safe."

By Notice of Motion dated January 5, 2007 ("Pl.'s Mot."), plaintiff moves to set aside the verdict and for a new trial pursuant to Rules 50(b) and 59(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied.

## DISCUSSION

Plaintiff moves pursuant to Rule 50(b) of the Federal Rules of Civil Procedure to vacate the jury's verdict in favor of defendant or, in the alternative, for a new trial pursuant to Rule 59

of the Federal Rules of Civil Procedure. Plaintiff argues that the Court erred in excluding certain evidence of alleged post-accident repairs under Rule 407 of the Federal Rules of Evidence, in permitting the defendant to argue that the alleged defect was trivial, and in asking the jury to decide if, in fact, an unsafe condition existed. (See Pl.'s Mot. at 2-6). Defendant submitted papers opposing plaintiff's motion, dated January 12, 2007 ("Def.'s Mem."), arguing that the Court properly excluded evidence of post-accident repairs. (Def.'s Mem. ¶ 3).

A. Legal Standards

It is well-settled that a trial court, in determining whether a motion for judgment as a matter of law should be granted, must view the evidence in the light most favorable to the party against whom the motion is made, see Simblest v. Maynard, 427 F.2d 1, 4 (2d Cir. 1970), and the non-moving party must be given the benefit of all reasonable inferences that may be drawn in his or her favor from the evidence presented at trial. See id.; see also Advance Pharmaceutical, Inc. v. United States, 391 F.3d 377, 390 (2d Cir. 2004); Galdieri-Ambrosini v. National Realty & Development Corp., 136 F.3d 276 (2d Cir. 1998). Judgment as a matter of law should be entered when "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [jurors] could have reached." Id.; accord Caruso v. Forslund, 47 F.3d 27, 32 (2d Cir. 1995). In other words, judgment as a matter of law should be granted where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture." Advance Pharmaceutical, Inc. v. United States, 391 F.3d at 390.

By contrast, when considering a motion for a new trial, the trial court functions in a different capacity. See Song v. Ives Labs., Inc., 957 F.2d 1041, 1047 (2d Cir. 1980); Bevevino v. Saydjari, 574 F.2d 676, 683-84 (2d Cir. 1978). Unlike a renewed motion for judgment as a matter of law, a new trial may be granted even where the jury's verdict is supported by substantial evidence. See Song v. Ives Labs., Inc., 957 F.2d at 1047. Additionally, a trial judge is free to weigh the evidence, and is not required to view the evidence in the light most favorable to the verdict winner. See id.; Bevevino v. Saydjari, 574 F.2d at 684. A trial judge may grant a new trial motion if he or she determines that "the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice, i.e., that the verdict is against the weight of the evidence, that the damages awarded were excessive, or that for stated reasons the trial was not fair to the moving party." Mallis v. Bankers Trust Co., 717 F.2d 683, 691 (2d Cir. 1983) (internal quotations and citations omitted). The Second Circuit has held that the trial judge should view the verdict in light of the overall setting of the trial, should consider the character of the evidence, as well as the complexity or simplicity of the legal issues that the jury was asked to consider, and should decline to interfere with the jury's verdict unless it is quite clear that a seriously erroneous result was reached. See Bevevino v. Saydjari, 574 F.2d at 684.

B. Application

1) The Evidence at Trial

The evidence presented during the course of the trial established that on June 18, 2002, Ms. D'Nelson, who was in her seventies at the time of the accident, was shopping at the Costco Warehouse in Brooklyn with her son-in-law, Michael McKain, and his friend, Ursula James.

3

After shopping, Ms. D'Nelson descended from the second floor of the warehouse on the escalator and tripped at the base of the escalator, causing her to land on her right knee and suffer injury. Ms. D'Nelson believed that what she had tripped on was the raised metal plate at the base of the escalator, which she thought was several inches higher than the concrete floor. However, Mr. McKain and Ms. James, who were behind plaintiff on the escalator, witnessed plaintiff's fall and testified that they believed that she did not trip on the metal plate but rather on a discrepancy between the depressed edge of the metal plate and the abutting concrete warehouse floor. This height differential, captured on photographs taken by Mr. McKain moments after the accident, appears to show that the concrete floor was less than one inch higher than the metal access plate.

2) Trivial Defect and Post-Accident Repairs

Prior to trial, the Court held a conference with counsel on November 17, 2006 to address any pre-trial issues, including motions in limine and potential jury charges. (Pl.'s Mot. at 2). During that conference, plaintiff raised the fact that defendant was proposing jury charges on assumption of risk and on trivial defect. (Id.) The Court ruled that assumption of risk was not applicable and denied the defendant's request to give the jury a specific charge on trivial defect. (Id.) The Court also ruled, however, that defendant would be permitted to make an argument to the jury that the alleged defect here was so trivial or insignificant that the premises were not rendered unsafe. (Id.) Plaintiff did not at any time during that November 17, 2006 conference raise the issue of post-accident repairs. (Def.'s Mem. ¶ 5).

On the morning of the first day of trial, prior to opening statements, plaintiff's counsel sought permission to discuss in opening statements, and to introduce at trial, evidence suggesting

4

that following plaintiff's fall, Costco had made certain repairs to the accident site. (Pl.'s Mot. at 2; Def.'s Mem. ¶ 5). Although this issue had never been raised during discovery, in the pre-trial order, during the final pre-trial conference, or at any time thereafter, the Court did not deny the request outright, but instead gave counsel an opportunity to research the issue and provide authority in support of his argument that post-accident repairs are admissible to counter a claim of trivial defect. (Pl.'s Mot. at 3; Def.'s Mem. ¶ 5). Although counsel argued that the normal rule barring evidence of subsequent remedial measures should not apply where the defendant was claiming that the defect was so trivial as not to constitute a dangerous condition, plaintiff failed to cite a single authority in support of that proposition. (Def.'s Mem. ¶ 5). Plaintiff contended that its argument was "one of first impression" and that the Court should give a limiting instruction to the jury. (Pl.'s Mot. at 2-3).

After hearing argument, the Court denied plaintiff's request to introduce evidence of remedial measures, basing its ruling on two grounds. First, the Court concluded that by seeking to introduce evidence of post-accident repairs, plaintiff was asking the jury to infer that defendant had conceded its negligence, the very reason that such evidence is precluded by Fed. R. Evid. 407. The Court also concluded that the defendant would suffer undue prejudice because defendant's counsel had never been put on notice of this alleged repair, and had never been given any opportunity to investigate the factual basis for plaintiff's claim that such a repair had been made. (Def.'s Mem. ¶ 5). Indeed, although Mr. McKain, the proferred witness on this issue, had been previously deposed, Mr. McKain had never testified about post-accident repairs and had never been examined on the basis of his knowledge that such repairs had been made.

Plaintiff argues that it was error for the Court to preclude plaintiff from offering this

5

evidence in light of defendant's counsel's arguments to the jury that the differential in the height of the flooring was trivial and in light of the Court's charge to the jury. (Pl.'s Mot. at 3-6). Specifically, plaintiff complains that the Court on two occasions repeated defendants' contention that the defect was trivial. (Id. at 4-5). The first occurred in the section of the charge on liability that described for the jury each party's claims and arguments. First, the Court recited plaintiff's contentions:

> The plaintiff Evelina D'Nelson seeks to impose liability upon the defendant Costco for personal injuries. Ms. D'Nelson claims that on June 18, 2002, while she was shopping at Costco, she stepped off the escalator coming down to the first floor and was caused to trip and fall. She alleges that her foot caught on what she believed to be a raised metal plate but what turned out to be a raised edge of concrete flooring abutting a depressed sector of metal plating near the base of the escalator. Plaintiff alleges that the defendant was negligent in that it, its agents, or employees permitted, created or caused a dangerous condition to occur, causing plaintiff to fall. Plaintiff further alleges that defendant was negligent in that it failed to discover and remedy this dangerous and defective condition in a timely manner. As a result of the incident, Ms. D'Nelson claims to have suffered permanent disabling injuries.

Then, in two short, simple sentences, the Court recited defendant's defenses:

> The defendant Costco denies that it was negligent in any way. Defendant further contends that the condition plaintiff complains of was trivial and did not cause her to fall.

In the section of the charge reciting the law on liability for a condition or use of premises, the Court, after stating the three elements of plaintiff's burden of proof, again set forth the

6

parties' respective contentions:

> Ms. D'Nelson claims that she was injured when her foot caught on a raised area of concrete flooring at the base of the escalator. Defendant denies that this raised area constituted a dangerous condition because any difference between this concrete floor and the metal plate was trivial. You must decide whether there was a dangerous condition in Costco, and if there was, whether a reasonably prudent person would have anticipated that the condition that was created was not reasonably safe for persons shopping in defendant's store. If you decide that there was no dangerous condition, you will find for defendant and proceed no further on this claim.

Plaintiff also objected to the initial question posed on the verdict form that asked the jury to decide:

> 1. Has the plaintiff established, by a preponderance of the evidence, that the area around the base of the escalator in the Costco located in Brooklyn, NY was not reasonably safe on June 18, 2002?

Plaintiff argues that she was prejudiced by not being allowed to offer evidence of post-accident repairs "which would have been offered for other relevant purposes other than establishing negligence." (Pl.'s Mot. at 6).

### 3) Rule 407 of the Federal Rules of Civil Procedure

Rule 407 of the Federal Rules of Evidence provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a

7

warning or instruction.

Fed. R. Evid. 407.

This prohibition against using evidence of subsequent remedial measures to prove negligence in the context of repairs taken by an alleged tort-feasor to prevent the recurrence of an accident is well-established. See Columbia & P. S. R. Co. v. Hawthorne, 144 U.S. 202 (1892); see also Turner v. Phaidon Navigation, S.A., No. 90 CV 2538, 1991 WL 280663, at *3 (S.D.N.Y. Dec. 23, 1991). The prohibition against using evidence of subsequent remedial measures is based on the policy of not wanting to discourage people from taking steps to improve safety. See Dusenbery v. United States, 534 U.S. 161, 172 (2002); see also Cann v. Ford Motor Co., 658 F.2d 54, 60 (2d Cir. 1981) (explaining that the Rule is based on a "common sense recognition that . . . people will be less likely to take subsequent remedial measures if evidence of their repairs or improvements may be used against them in lawsuits arising out of prior accidents"), cert. denied, 456 U.S. 960 (1982).

However, the Rule does not provide for an absolute prohibition on the introduction of such evidence when it is used for the purpose of proving something other than the defendant's negligence. See Pitasi v. Stratton Corp., 968 F.2d 1558, 1560-61 (2d Cir. 1992); Werner v. Upjohn Co., Inc., 628 F.2d 848, 857 (4th Cir. 1980) (noting the exception that "if the defendant denies ownership or control, contends that no such repair or improvement was possible, or makes statements conflicting with the fact of repair, then the plaintiff should be allowed to make use of subsequent remedial measures"), cert. denied, 449 U.S. 1080. Specifically, the rule provides:

> This rule does not require the exclusion of evidence
> of subsequent measures when offered for another
> purpose, such as proving ownership, control, or

8

> feasibility of precautionary measures, if controverted, or impeachment.

Fed. R. Evid. 407. Where there is no relevant issue to be addressed by such evidence other than the issue of fault, then the evidence is properly excluded under the Rule. See Fed. R. Evid. 407. Moreover, the admission of such evidence is also subject to an analysis under Rule 403 of the Federal Rules of Evidence to determine whether the probative value of the evidence is substantially outweighed by the danger of confusion and unfair prejudice. Fed. R. Evid. 403; see also Fish v. Georgia-Pacific Corp., 779 F.2d 836, 839-40 (2d Cir. 1985) (noting that evidence of a subsequent warning should have been excluded under both Rule 407 and Rule 403).

In her motion papers, plaintiff cites only one case in which subsequent repairs, in the form of warning signs around a rock outcropping, were admitted to demonstrate that the plaintiff skier was not contributorily negligent. (Pl.'s Mem. at 6-7 (citing Rimkus v. Northwest Colorado Ski Corp., 706 F.2d 1060 (10th Cir. 1983))). Plaintiff still has not cited a single case where evidence of subsequent repairs was admitted to demonstrate that the defect was not trivial, or even that the premises were not reasonably safe.

In reality, plaintiff seeks to offer this evidence to establish Costco's fault. As the Court explained to the jury in the charge, there are two steps to determining Costco's fault: 1) first, whether the premises were not reasonably safe; and 2) second, was Costco negligent in permitting that unsafe condition. The evidence of subsequent repairs was not being admitted to prove issues of ownership or control, neither of which was in dispute. Nor was it sought to defeat a claim of contributory negligence on plaintiff's part, or the feasibility of repair.

Moreover, the Court also denied plaintiff's request to introduce this evidence under Rule

9

403, finding that whatever probative value there may have been to such evidence, it was far outweighed by the potential that the jury would consider the repairs for the very purpose that Rule 407 was enacted to prevent - - namely, as evidence of Costco's fault. Integral to the Rule 403 analysis was the additional concern that plaintiff had never raised the issue until moments before trial, had not provided notice in the pretrial order of her intent to call Mr. McKane to testify to this issue as required by the Court's rules, and had waited until a point in time when defendant's counsel was deprived of an opportunity to even investigate whether such repairs had actually been made, when they were made and, if made, the impetus behind the repairs.

Accordingly, for these reasons, the Court concludes that its decision to preclude evidence of post-remedial repairs was proper in accordance with Rules 403 and 407.

4) <u>The Charge and Verdict Sheet</u>

To the extent that plaintiff objects to the Court's charge on premises liability and the need for the jury to find that the premises were in fact unreasonably dangerous, the charge was drawn from the New York Pattern Jury Instructions, and based on well-established New York law. <u>See</u> NY PJI 2:91; <u>see also</u> <u>Revill v. Boston Post Road Development Corp.</u>, 293 A.D.2d 138, 141, 741 N.Y.S.2d 223, 225 (1st Dep't 2002) (finding the use of this jury charge to be appropriate, and noting that under New York law, "plaintiff had the burden of proving first that the premises were not reasonably safe"), <u>appeal dismissed</u>, 98 N.Y.2d 725, 749 N.Y.S.2d 473 (2002).

In determining whether a new trial should be held based on an error in the charge, courts look at "the entire charge" to see if the charge, "viewed in light of all of the evidence, would tend to confuse or mislead the jury as to the principles of law that apply to the facts." <u>National Railroad Passenger Corp. v. One 25,900 Square Foot More or Less Parcel of Land</u>, 766 F.2d 685,

688 (2d Cir. 1985); see also Warren v. Dwyer, 906 F.2d 70, 73 (2d Cir. 1990) (holding that "[i]t is basic law that a jury charge should be examined in its entirety, not scrutinized strand-by-strand") (citations omitted) cert. denied, 498 U.S. 967 (1990). Generally, appellate courts will only grant a new trial where, "based on a review of the record as a whole, . . . the error [in the charge] was prejudicial or the charge was highly confusing." Warren v. Dwyer, 906 F.2d at 73. Verdict sheets must also be read in the context of the jury charge. See Booth v. J.C. Penney Co., 169 A.D.2d 663, 664, 565 N.Y.S.2d 77 (stating that to "determine the propriety of a verdict sheet, the interrogatories must be examined in the context of the court's charge" (quotations and citations omitted)).

Here, a review of the verdict sheet and the charge as a whole demonstrates that the jury was properly instructed as to the elements of premises liability in New York and the standards required to support a finding that defendant had breached that standard of care, and that the jury properly made the initial determination as to whether the premises were in fact reasonably safe. See, e.g., Brewster v. Prince Apartments, Inc. 264 A.D.2d 611, 615-616, 695 N.Y.S.2d 315, 320 (1st Dep't 1999) (finding a jury charge and verdict sheet to be valid because "the court's charge in the present case emphasized that the jury must make the threshold determination of whether the premises were reasonably safe"), dismissing leave to appeal, 94 N.Y.2d 875, 705 N.Y.S.2d 6 (2000), denying leave to appeal, 94 N.Y.2d 762, 708 N.Y.S.2d 51 (2000); Revill v. Boston Post Road Development Corp., 293 A.D.2d at 141, 741 N.Y.S.2d at 225 (holding that "the jury was entitled, as a matter of law, to consider all the facts and circumstances surrounding the existence of the buckled floor in reaching their determination of whether the premises remained reasonably safe despite the emergence of the defect"), dismissing appeal, 98 N.Y.2d 725, 749 N.Y.S.2d 473

11

(2002).

### 5) The Verdict Was Consistent with the Evidence

Finally, to the extent that plaintiff contends that the verdict was inconsistent with the evidence, the Court disagrees. A reasonable jury could very easily have found, based on the testimony of all of the witnesses, and on the photographs, that any defect in the floor was so unsubstantial that it did not constitute an unreasonably dangerous condition. From their own observations of the photographs taken by plaintiff's nephew, the jury could have concluded that the premises were reasonably safe despite any discrepancy between the metal plate and the floor. Although there was testimony from plaintiff and her friends that a Costco employee made a comment about other people tripping and falling in the same spot, the three witnesses gave different accounts as to what was actually said, and the jury could have chosen to believe the Costco employee's testimony that not only did she not make such a comment, but that no one had previously fallen there. The issues were purely matters of credibility and there is no basis for the Court to order a new trial or order judgment notwithstanding the verdict.

Accordingly, plaintiff's motion to set aside the jury verdict and for a new trial is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
March 23, 2007

_____
Cheryl L. Pollak
U.S. Magistrate Judge